IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY CIECHALSKI,

        Plaintiff,

v.

TIFFANY & CO., LTD. EMPLOYEE BENEFITS PLAN,

        Defendants.

No. C 06-2289 SBA

**ORDER**

Currently before the court is defendant Tiffany and Company Long Term Disability Plan's Motion to Preclude Admission of Additional Evidence Outside of the Administrative Record [Docket No. 17]. After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78. For the following reasons, the Court hereby DENIES defendant's motion WITHOUT PREJUDICE.

**BACKGROUND**

**I.**    **Factual Background**

This is an ERISA case.[1] Plaintiff Anthony Ciechalski has had ongoing back problems since 1995, and had been receiving benefits from his former employer until 2004, when the employer's benefits plan, defendant, determined he was no longer disabled. Plaintiff filed the current action on March 30, 2006, seeking review of defendant's denial of further ERISA benefits.

Defendant states that on December 12, 2006, "plaintiff's counsel informed counsel for [defendant] that he intended to submit additional medical evidence which was still being prepared."

---

[1] This case was referred to Magistrate Judge Spero for discovery and is currently before him for discovery purposes. *See* Order Referring Case to Magistrate Judge for Discovery [Docket No. 27].

1 Declaration of Dennis Rolstad ("Rolstad Decl."), ¶ 2. However, defendant does not identify what the
2 purported evidence is, or how and under what circumstances plaintiff's counsel intends to "submit" such
3 evidence.[2]

## II.     Defendant's Motion

Defendant characterizes its motion as a request that this Court "confine the scope of the evidence before it in this ERISA disability benefits case to the administrative record that was before the Plan's insurer when the benefits decision was made," under the theory that the evidence that plaintiff intends to submit will be outside the scope of the administrative record. Mot. at 1:2-4. There is no trial scheduled in this matter, and there is currently no dispositive motion, such as a motion to dismiss or summary judgment motion, currently pending before the Court. Accordingly, there currently does not appear to be any context in which plaintiff could "submit" such evidence to the Court.

Plaintiff's exceedingly unhelpful opposition papers, rather than pointing out the improper posture of defendant's motion, proceeds to attempt to "submit" such evidence in the form of exhibits attached to the declaration in support of the opposition.[3] While plaintiff states that "[b]ecause it is evident that substantial evidence outside the record is required to respond to [defendant's denial of benefits], [plaintiff] requests guidance whether the Court would prefer evidence to be submitted by declaration, by testimony, or both," (Opp. at 12:10-12), as noted above, no motion involving the review of such evidence is before the Court. It appears, therefore, that both parties have blunderingly placed the cart before the evidentiary horse.

---

[2] Defendant states that as of the date of the filing of the motion, plaintiff has produced a single document - a medical report from 2004 not contained in the administrative record - which defendant apparently wishes to have to the Court infer will be among the documents plaintiff intends to submit. Rolstad Decl. at ¶ 2. However, this is not consistent with defendant's statement that the intended evidence is "additional medical evidence which was still being prepared." *Id.*

[3] The majority of plaintiff's intended evidence consists of transcripts purportedly impugning the credibility of one of the medical examiners who reviewed defendant's denial of benefits to plaintiff. *See* Declaration of Laurence F. Padway in Opposition in Motion to Preclude the Admission of Evidence, Exhs. 15 & 16 [Docket No. 31].

**United States District Court**
For the Northern District of California

## ANALYSIS

In essence, defendant seeks an order prophylactically proscribing the potential future submission of unidentified evidence by the plaintiff. Defendant cites no case law or statutory authority suggesting this is an appropriate motion. It is incumbent upon defendant to identify the specific evidence it seeks to preclude and the legal basis for the preclusion. Defendant does neither.

Defendant's motion seeks to preclude evidence that is not even before the court, and which defendant has failed to identify. As a simple matter of logic, the Court has no grounds to grant such a motion when it cannot even review the evidence which defendant seeks to preclude. Defendant cites *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 944 (9th Cir. 1995), for the proposition that in ERISA cases, a district court may consider evidence outside the administrative record "only 'when circumstances clearly establish that additional evidence is necessary to conduct adequate de novo review. . . .'" Mot. at 8:27-9:1. However, the ruling in *Mongeluzo* arose in the context of cross-motions for summary judgment, where the plaintiff had requested that the court consider evidence not contained in the administrative record proffered in support of his motion for summary judgment. *Id*. at 941. Here, there is no dispositive motion, let alone evidence being proffered in connection with such motion, before the Court. There is no context in which the Court may determine whether or not circumstances establish that additional evidence is necessary. *Mongeluzo*, 46 F.3d at 944. Accordingly, the Court has no basis to consider, let alone grant, defendants' ill-conceived, premature motion.

## CONCLUSION

IT IS HEREBY ORDERED that defendant's Motion to Preclude Admission of Additional Evidence Outside of the Administrative Record [Docket No. 17] is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: 4/10/07

SAUNDRA BROWN ARMSTRONG
United States District Judge